JESSIE A. REDFIELD, Appellant, *v.* CHARLES J. REDFIELD et al., as Executors, etc., Respondents.

*It seems* the change in the practice effected by the Code of Civil Procedure (§ 1023), requiring proposed findings in an action tried by a referee to be presented at the time of the submission of the case, and the presumption arising therefrom that such findings are passed upon when the case is decided and the formal findings made, has not changed the former rule that where two findings, whether formal or special, are irreconcilable on appeal, the appellant is entitled to take the finding most favorable to him.

Plaintiff's complaint alleged, in substance, that her husband, pursuant to her directions, purchased for her and with her money certain shares of stock, taking a certificate in his name as trustee, which certificate he delivered to her, but subsequently, without authority from her, took it and transferred it to his father, defendant's testator. In an action to recover the value of the stock, plaintiff's husband, as a witness for her, after testifying to the purchase of the stock, the taking of the certificate, the delivery thereof to plaintiff and his subsequent unauthorized taking thereof as charged in the complaint, was asked to state the circumstances and the agreement under which he placed the stock in the possession of his father. This was objected to as incompetent under the Code of Civil Procedure (§829). The objection was sustained. *Held,* no error.

(Argued October 5, 1888; decided October 23, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 20, 1886, which affirmed a judgment in favor of defendants entered upon the report of a referee.

"The theory of the plaintiff in this case was that in January, 1861, she having $750 in money delivered it to her husband, Lewis H. Redfield, for the purpose of purchasing ten shares of New York Central Railroad stock for her, and that it was arranged between them that the stock should be taken in the name of her husband, as trustee for her; that he purchased the stock and took the certificate in his name, as trustee, and delivered it to her; that soon thereafter, without her knowledge or consent, he wrongfully, and in fraud of her rights and in breach of his trust, took the certificate of stock from her safe and transferred it to his father, whose name was also Lewis H. Redfield, as collateral security for a loan made to him, and that his father thereafter received large dividends upon the stock and converted the stock and dividends to his own use. The theory of the defendants, the executors of Lewis H. Redfield, Sr., is that the stock was not purchased with the plaintiff's money or for her; that it was purchased by her husband for himself; that it was taken in the name of the deceased as collateral security for money loaned by him to his son, and that it was subsequently, for full value, sold by the latter to him and by him converted to his own use.

"In the formal findings of the trial judge, made by him as the basis of the judgment ordered, he found, as matter of fact, that on or about the 15th day of January, 1861, Lewis H. Redfield, plaintiff's husband, procured to be issued by the New York Central Railroad Company to Lewis H. Redfield, deceased, his father, a certificate for ten shares of its capital stock, the same shares mentioned in the complaint; that the certificate was issued to the deceased, as trustee for his son, who was the beneficial owner thereof, as security for such loans as might be made from time to time by him to his son; that loans were so made and thereafter all the right, title and interest of the son in the ten shares of stock were sold and transferred by him to the deceased for their full market-value;

that the deceased purchased the stock in good faith without knowledge or notice of any interest of the plaintiff therein, or of any trust existing in her favor with respect thereto. And he found, as matter of law, that the deceased, by purchase from the plaintiff's husband, became the owner of the stock, and he ordered judgment dismissing the complaint."

"At the time of the submission of the case to the referee, plaintiff's counsel presented certain proposed findings of fact, some of which were found. It was claimed by said counsel on the argument here, that some of his special findings were in conflict with the formal findings. After a discussion as to these findings the opinion continues as follows:

" We have held that where the special findings of a judge or a referee differ from the findings formally made as the basis of the judgment, the appellant has the right to rely upon such findings as are most favorable to him. Those decisions were made at a time when the practice authorized the submission of proposed findings to a judge or referee after the decision of the case was rendered; and under that practice such findings were passed upon, generally weeks and frequently months after the formal findings had been made; and we held that where such findings differed from the prior findings and contradicted them that the appellant had the right to rely upon them if most favorable to him. (*Tompkins* v. *Lee*, 59 N. Y. 662; *Schwinger* v. *Raymond*, 83 id. 192; *Bonnell* v. *Griswold*, 89 id. 122,) Since those decisions the practice has been changed, and now the proposed findings must be presented at the submission of the case, and the presumption is that those findings are passed upon when the case is decided and the formal findings made. Hence, for the purpose of construing the findings, we must look at all of them, both the general and special findings, and if they are in conflict we must attempt to reconcile them. If after such an attempt we find them irreconcilable, then, now, as under the earlier practice, the appellant is entitled to take the findings most favorable to him. Here, looking at all the findings of fact and law, we are satisfied that the trial judge did not intend to find, and that he has not found any fact in conflict with his general findings con-

tained in his formal decision, and they, having been approved at the General Term, must stand and justify the judgment which was entered.

"The counsel for the appellant, however, claims that some errors were committed by the trial judge in ruling upon questions of evidence. Upon the trial the plaintiff called her husband as a witness, and after proving by him that he bought the ten shares of stock for his wife with her money, taking the certificate in his name as trustee, that after he received the certificate he took it to her and she put it in her safe, and that he afterwards took it from the safe without her authority. He was asked this question: 'Did you afterwards put this stock into the possession of your father, L. H. Redfield, and if so, please state under what circumstances and under what agreement, if any, you so placed it in his possession?' The defendant's counsel objected to this as incompetent and inadmissible under section 829 of the Code, and the judge sustained the objection. We think the evidence was properly excluded. The witness was interested in the event of the action. According to the plaintiff's contention and theory the witness had wrongfully taken her stock which he held as trustee for her and had transferred it to his father, who took it with notice of the trust. He, therefore, became responsible to his wife for the stock disposed of to his father. If this action could be maintained and the value of the stock and the dividends thereon recovered then he would be relieved to that extent from responsibility. Hence he was directly interested in the successful maintenance of the action.

"We do not think that any of the other exceptions to which our attention has been called require any particular notice.

"The judgment should be affirmed, with costs."

*Louis Marshall* for appellant.

*William G. Tracy* for respondents.

EARL, J., reads for affirmance.
All concur, except RUGER, Ch. J., not voting.
Judgment affirmed.