ELIZABETH LYON, Respondent, *v.* MINA WHITTAKER, Appellant.

*Code of Civil Procedure,* § 829 — *evidence of transactions between a witness and his grantor not excluded thereby.*

Section 829 of the Code of Civil Procedure does not exclude evidence of any personal transactions between a witness who is a party to the action and the person since deceased, from whom the witness claims title, but only between the witness and the person from whom the other party to the action against whom the testimony is given claims title.

The fact that a plaintiff claims title to certain notes through her deceased brother does not disqualify her from testifying to all the transactions and communications between herself and him by means of which the title was transferred to her. It is only when it should be made to appear that the defendant claimed title to the notes from the deceased brother that the objection to the plaintiff's testimony would apply.

APPEAL by the defendant, Mina Whittaker, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 22d day of December, 1892, upon the verdict of a jury for $660.50, after a trial at the Cattaraugus Circuit, and also from an order entered in the said clerk's office on the 4th day of September, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*W. S. Thrasher,* for the appellant.

*W. H. Henderson,* for the respondent.

DWIGHT, P. J.:

The action was trover for the alleged conversion of four promissory notes. The answer was a general denial only. All questions relating to two of the notes are eliminated from the case for the purpose of this review, since the verdict of the jury sustained the defense as to those two notes and was rendered in favor of the plaintiff only for the amount of the other two.

The two notes last mentioned were made by W. and C. Thirlman, and ran to the defendant, Mina Whittaker, or bearer. The theory of the plaintiff's case was that these notes were taken by one Jonathan Milks, the brother of the two parties, in the name of his sister,

FIFTH DEPARTMENT, MARCH TERM, 1894.         [Vol. 77.

the defendant, for reasons of his own, and that they remained his property until, on his death bed, he delivered them with other securities to his sister, the plaintiff, as a gift; that after such gift and delivery the defendant, who was present as the nurse or attendant of her brother, took the notes to lay them away for her sister, and that after the brother's death, which occurred within a day or two, she refused to give them up to the plaintiff, and claimed them as her own. This theory was supported by the evidence on the part of the plaintiff and was controverted by the evidence on the part of the defendant; the question of fact thus presented was properly submittted to the jury, and the verdict will not be disturbed for lack of evidence to support it.

The only question in the case calling for particular consideration is that which was raised by numerous exceptions taken by the defendant to rulings of the court in the admission of the testimony of the plaintiff relating to personal transactions and communications between her brother and herself. The objections were based, as stated by counsel, on section 829 of the Code of Civil Procedure, but upon examination we think none of them were well taken.

There are two classes of these objections, one of which includes all those which were taken to the testimony of the plaintiff when she first had the case and was on the stand as a witness for the first time. The defendant's objection was then, uniformly, to the effect that the evidence was inadmissible, under section 829, because it involved a personal transaction between the witness, plaintiff, and her deceased brother, from whom she claimed title to the notes in question. This objection, it is apparent, was entirely without force. The statute referred to does not exclude evidence of any personal transactions between the witness — being a party to the action — and the person since deceased, from whom the witness claims title, but only between the witness and the person from whom the other party to the action — against whom the testimony is given — claims title. In other words, the fact that the plaintiff herself claimed title to the notes under her brother did not disqualify her to testify to all the transactions and communications between herself and him by means of which the title was transferred to her. It was only when, if ever, it should be made to appear that the *defendant* claimed title to the notes from the deceased brother that the objection to the

plaintiff's testimony would apply. The language of the statute is "Upon the trial of an action * * * a party * * * shall not be examined as a witness in his own behalf, * * * against * * * a person deriving his title * * * from * * * a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person."

At the time that the evidence so far mentioned was objected to there was not only no evidence that the defendant had derived title to the notes from her brother, but there was no intimation or suggestion by the pleadings or otherwise that she claimed to have done so. Her answer was a general denial merely, and it did not yet appear that she claimed title to the notes from any source.

The other class of objections, mentioned above, includes those taken to similar testimony of the plaintiff when on the stand the second time, and giving testimony in rebuttal. In the meantime the defendant had been on the stand and testified in her own behalf. Even then, on her direct examination, she did not testify that she had derived title or obtained possession of the notes in question from her brother, nor from what source she had done either. It was only on her cross-examination and by an answer not quite responsive to the question addressed to her that she mentioned her brother in any connection with her claim to these notes. The question was: "Q. Where had the two Thirlman notes been before they came to you, if you know? A. After I bought them of my brother I kept them. Q. Had they been in the house there? A. They had been in Jonathan's papers."

This was, certainly, not evidence of the fact that the defendant ever did purchase the notes of her brother, and it is very doubtful if it is entitled to be regarded as sufficient intimation of her claim to have derived title from him to furnish ground for the objection, taken by the defendant, under section 829, to the subsequent testimony of the plaintiff; nor is it very clear that the objection which was taken to such subsequent testimony was sufficiently explicit to place itself on that ground if it, in fact, existed. The objection, several times repeated, was in this form: "Defendant objects that it calls for a personal transaction between the deceased and the witness, and that the witness is incompetent under section 829 of the Code of Civil Procedure; that Jonathan Milk could not by anything he

said or did impair the defendant's title in the notes in suit, or transfer title to the plaintiff."

However — if it were conceded that the objection was sufficiently explicit, and was well founded upon facts which brought the plaintiff's testimony within the general rule of the statute referred to — yet it was of no avail to the defendant, because the testimony was within the exception to that rule which is provided by the words immediately following those already quoted from the statute. Those words, omitting those which are immaterial here, are as follows : "Except where the  *  *  *  person so deriving title  *  *  * is examined in his own behalf  *  *  *  concerning the same transaction or communication."

The plaintiff's testimony in rebuttal was unmistakably brought within this exception by the fact that the defendant, when on the stand, had testified in her own behalf concerning the same transaction or communication to which the testimony of the plaintiff related. This she did explicitly, by giving her own version of what occurred at that time, and by testifying that the notes in question were not produced or shown to anybody on that occasion.

For the reasons stated we are clearly of the opinion that none of the defendant's objections to the testimony of the plaintiff were well taken; and aside from the exceptions to these rulings we find none which seem to require discussion.

The judgment and order appealed from must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.