MARGARET F. MUNZ, as Administratrix, etc., of DANIEL L. BROWN, Deceased, Appellant, *v.* JESSE COLVIN, Respondent.

*Action upon a note by the administratrix of the payee — a surety thereon is incompetent to testify to a conversation between him and the payee.*

A surety upon a note, the payee of which has died since its execution, is incompetent, under section 829 of the Code of Civil Procedure, to testify as a witness on the trial of an action brought by the administratrix of the payee named in the note against such maker to enforce payment thereof, to a conversation between such surety and the payee at the time that the note was executed, tending to strengthen the position taken by the maker on the trial, that the note was paid under an agreement made between such payee and the maker.

APPEAL by the plaintiff, Margaret F. Munz, as administratrix, etc., of Daniel L. Brown, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 7th day of February, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of March, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

*Fred C. Hanford,* for the appellant.

*Henry M. Hill,* for the respondent.

PER CURIAM :

The plaintiff, as administratrix of the estate of Daniel L. Brown, deceased, brings this action to recover the amount claimed to be due upon two notes of $100 each, executed by the defendant Colvin, and bearing date respectively October 24 and October 26, 1893. The defense to the notes was payment under an agreement alleged to have been entered into between the maker and the payee, to the effect that if the latter died first, the defendant should bring his remains to Farmersville, his former home, and see to it that they were properly buried at his, the defendant's, expense, and there is some evidence in the case tending to prove that this agreement was fulfilled on the part of the defendant.

One Henry S. Merrill signed the note of October twenty-fourth, as surety, and upon the trial he was called as a witness on behalf of the

defendant, and asked to detail a conversation between himself and Brown at the time the first note was executed. This was objected to as incompetent under section 829 of the Code of Civil Procedure, but the objection was overruled and the witness was permitted, against the plaintiff's exception, to testify that upon the occasion in question Brown and the defendant met at his, Merrill's, office in the village of Little Valley; that the witness and Brown then and there had a settlement of some matters in difference between them, by which settlement it appeared that the witness was owing Brown $188, and it also appeared that Colvin was owing the witness $100. The witness thereupon proposed to Brown that he take Colvin's note for $100, and the balance which he was owing in cash, to which proposition Brown assented; whereupon the witness paid Brown $88 in currency and proceeded to draw up the note for Colvin to sign. Before doing this, however, he asked Brown what length of time he wished the note to run, and Brown replied: "It makes no difference; make it as long or as short as you have a mind to. I expect it is Colvin's anyway."

The note was then drawn and signed by Colvin as principal and by Merrill as surety.

The effect of this testimony was to strengthen the defendant's contention that the note was quite likely to be paid in the manner alleged in the answer, and, as the witness was liable on that note as surety, he was clearly interested in having the defendant succeed in his defense of payment, and within well-settled rules of evidence it was, therefore, incompetent for him to give evidence of this transaction. (Code Civ. Proc. § 829; *Church* v. *Howard*, 79 N. Y. 415; *Lawton* v. *Sayles*, 40 Hun, 252; *Hill* v. *Hotchkin*, 23 id. 414.)

We are, consequently, constrained to hold that the admission of this evidence over the plaintiff's objection and exception was error, which calls for a reversal of the judgment and order appealed from.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.