### SQUIRE v. GREENE et al.

### GEARON v. SAME.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. WITNESSES—TRANSACTIONS WITH PERSONS SINCE DECEASED—TITLE.

Code Civ. Proc. § 829, provides that "a party or person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against" the personal representative of a deceased person, "or a person deriving his title or interest from, through, or under" the deceased, "concerning a personal transaction or communication" with the deceased, etc. *Held*, on an issue of priority of mortgages as between subassignees, that the original holder of one of the mortgages might testify in favor of her subassignee concerning transactions with her immediate assignee, since deceased.

2. SAME—ADVERSE TESTIMONY.

On an issue of priority of mortgages as between assignees of the same person, since deceased, involving a question of equitable estoppel, one of the assignees cannot testify that, when her mortgage was assigned to her, deceased said it was a first mortgage, though the other mortgages were not mentioned.

3. SAME—INTERESTED PERSONS.

Where mortgages were executed by different persons, and the proceeds of the premises are insufficient to satisfy all, and the question of priorities affects the extent of the personal liability of one of the mortgagors, he is interested, and cannot testify to transactions with a previous holder of the mortgages, since deceased.

Appeal from special term.

Separate actions by Pauline W. Squire, and by Artlissa V. Gearon, against Ella V. Greene and Maria S. Dunkin, impleaded with others, to foreclose mortgages. The mortgages were foreclosed, but the net proceeds of the sale, namely, $2,881.32, were insufficient to satisfy all incumbrances; and, from judgments fixing the priorities, the respective plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Rush Taggart, for appellant Squire.
Miles Gearon, for appellant Gearon.
Jacob F. Miller, for respondents.

CULLEN, J.   For a detail of the facts of this case, reference must be had to a report of the case on a previous appeal.   32 App. Div. 258, 52 N. Y. Supp. 1013.   The narrative is too long to justify incumbering the reports by a repetition.   On the former appeal we held that the mortgage of the respondents was paramount in lien to those of the plaintiffs, and granted a new trial.   On the second trial the learned judge at special term has followed our opinion, and given judgment in favor of the respondents.   The evidence in the present record is substantially the same as in the prior one, but on this appeal the appellants have raised a question which the former record did not present, and which threatens to overturn the whole edifice we erected, by knocking from under it the foundation on which it rested.   On the second trial the appellants objected to substantially all the oral evidence of the transactions out of which the mortgages in controversy or their respective priorities sprung, on the ground that the witnesses were disqualified, under section 829 of the Code of Civil Procedure, to give such testimony.   The objection was overruled, and the testimony admitted under plaintiffs' exception. It becomes necessary for us, therefore, to determine—First, whether incompetent evidence was admitted; and, second, if such evidence was given, then whether the judgment can be supported on the other evidence in the case.

The present holders of the three mortgages, over the relative priorities of which we have this controversy, each derived her title from William H. Nafis, who died prior to the commencement of these actions.   Maria N. Anderson, as appears by the report on the former appeal, at one time held both the $3,000 mortgage, now owned by the respondents, and the $1,800 mortgage, now owned by the plaintiff Squire.   She assigned these to Nafis.   Mrs. Anderson testified as a witness on behalf of the respondents to personal transactions with the deceased, Nafis, relating to these mortgages.   The appellants insist that Mrs. Anderson was not a competent witness as to these transactions, for the reason that the respondents trace their title from her.   We think the objection is not well founded.   The title of Mrs. Anderson is not in dispute, and had ceased by assignment to Nafis, under whom all parties claim, anterior to the transactions out of which the controversy grows.   She has no possible interest, nor do the respondents claim as successors to her rights.   The exclusion of her testimony certainly does not come within the spirit of the section of the Code, nor, in our view, within its terms.   If the action were for a piece of real estate, and dependent on the validity of a will, could it be seriously urged that a witness was disqualified from testifying to personal transactions with the testator by the fact that, many years before, he had owned the property in dispute?

The next objection occurs as to the testimony of the respondent Ella V. Greene.   She testified, in substance, that, at the time of the purchase of her mortgage from Nafis, he represented that it was a

first mortgage on the property. The objection to the competency of the testimony of this witness was plainly well taken. She was a party to the action, a witness on her own behalf, and against the adverse parties who claimed under the deceased. The counsel for respondents justifies the admission of this testimony on the claim that the transaction testified to did not relate to the plaintiffs' mortgages. This claim proceeds upon a fundamental misconception of the effect of this testimony. True, in the conversation between the witness and Nafis, the mortgages of the plaintiffs were not mentioned; but the conversation was, in substance, that the respondents' mortgage was a first mortgage. Such a declaration was, in effect, that any other mortgages—those of the plaintiffs or others—were subordinate to that of the respondents; otherwise, the declaration would have had no materiality. It did not weaken the effect of such a declaration that the mortgages of the plaintiffs were not named. The case of Lyon v. Whittaker, 77 Hun, 107, 28 N. Y. Supp. 296, is not in point. It was there held that a party might give evidence of a personal transaction with a deceased person from whom she claimed title, when the adverse party did not claim title through the same person. But here both parties claim from the deceased, Nafis. Though the controversy may not relate to the title to the mortgages, but only to their respective priorities, a controversy as to priority may be as substantial as a controversy as to title. In this case the land has been sold, and all that remains is a fund in court, which is insufficient to satisfy in full either the respondents' mortgage or the two mortgages of the plaintiffs; and the party who loses priority in this litigation loses her claim.

The evidence of the witness Kearney was also incompetent, and improperly admitted. Kearney was a party to the action. He made the bond and mortgage for $3,000, which the respondents now hold. He is liable for any deficiency that may exist on a foreclosure of the mortgage. If the priority of the plaintiffs' mortgages is upheld, he will be personally liable for the whole $3,000; while, if the defendants' mortgage is awarded precedence, he will be liable only for a small deficiency. Kearney was not called as a witness in his own behalf, but as a witness on behalf of the respondents. This does not relieve him from the disqualification of section 829. By the section, he is excluded, not only from being a witness in his own behalf, but from being a witness in his own interest, even though he is not a party to the action at all, or, if a party, is called to give evidence on behalf of some other party whose interests are the same as his. The case of Redfield v. Redfield, 110 N. Y. 671, 18 N. E. 373, is conclusive on this question. The husband of the plaintiff was called as a witness on her behalf to testify to a personal transaction with the defendants' testator. He was not a party to the action. It was held that he was incompetent to testify to the particular transaction, because, if the wife succeeded in establishing her demand against the defendants, the witness would be relieved from a claim that the wife might otherwise have against him on account of the same subject-matter. See, also, Miller v. Montgomery, 78 N. Y. 282; Church v. Howard, 79 N. Y. 415; Sanford v. Ellithorp, 95 N. Y. 48. We are inclined

to the opinion that the evidence of the defendant Patrick McCann was incompetent for the same reason. McCann made the $1,200 bond and mortgage now held by the plaintiff Gearon. The effect of his evidence, so far as it had any effect, was to show that that mortgage had been paid by the money realized on the $3,000 mortgage of the respondents. This would relieve him from liability on the bond. As we gather from the figures, the amount on deposit would not be sufficient to pay that mortgage in full, even if the respondents' mortgage were declared subordinate.

For the admission of this incompetent testimony the judgments must be reversed, unless the other evidence is sufficient to establish the respondents' claim. The Gearon mortgage of $1,200 was not acquired by Nafis until after he had assigned the $3,000 mortgage to the respondents. The priority of the respondents' mortgage to the Gearon mortgage was upheld by us on the previous appeal, on the ground that Nafis, by his representation to the respondents that the mortgage he assigned to them was a first mortgage, had estopped himself from claiming precedence for the $1,200 mortgage which he subsequently acquired. With the testimony of Mrs. Greene stricken out, there is no proof of any representations by Nafis. The superiority of the respondents' mortgage over the Squire mortgage was declared by us, on the ground that both securities represented but a single debt, and that, after the assignment of the $3,000 mortgage to the respondents, the $1,800 mortgage represented no obligation or security which Nafis could assign. But, with the testimony of Kearney and McCann stricken out, the evidence is insufficient to show the fact on which we predicated our previous decision; that is, that there was but a single debt.

For these reasons the judgments must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.