PAULINE W. SQUIRE, Appellant, *v.* ELLA V. GREENE and MARIA S. DUNKIN, Respondents, Impleaded with Others.

ARTLISSA V. GEARON, Appellant, *v.* ELLA V. GREENE and MARIA S. DUNKIN, Respondents, Impleaded with Others.

*Personal transactions with a decedent — when a predecessor in title may testify to them — an assignee of a mortgage may not testify that her deceased assignor, owning three mortgages, stated that hers was a prior lien — a party liable for a deficiency is incompetent.*

Upon the trial of an action involving the respective priorities of three mortgages, the holders of which derived their title from one Nafis, who had died prior to the commencement of the action, the person who assigned two of the mortgages to Nafis may testify to personal transactions had with Nafis concerning such mortgages, where it appears that the title of such witness is not in dispute and had ceased by the assignment to Nafis.

The holder of one of the mortgages is not competent to testify in her own behalf that Nafis represented to her, at the time she purchased the mortgage from him, that it was a first mortgage; such testimony is not admissible upon the theory that the transaction did not relate to the other mortgages, as the declaration that the witness' mortgage was a first lien was in effect a representation that the other mortgages were subordinate thereto.

A party to such action, who executed the bond and mortgage held by other parties thereto, and who was liable for any deficiency arising on the foreclosure of that bond and mortgage, is not competent to testify on behalf of the holders of his mortgage as to personal transactions with Nafis.

APPEAL by Pauline W. Squire, the plaintiff in the first above-entitled action, from a judgment of the Supreme Court in favor of the defendants, Ella V. Greene and Maria S. Dunkin, entered in the office of the clerk of the county of Kings on the 16th day of November, 1898, upon the decision of the court, rendered after a trial at the Kings County Special Term, adjudging that the mortgage held by the said defendants is a first lien upon the moneys derived from the sale of the property described in the complaint in the action.

Also an appeal by Artlissa V. Gearon, the plaintiff in the second above-entitled action, from a judgment of the Supreme Court in favor of the defendants, Ella V. Greene and Maria S. Dunkin, entered in the office of the clerk of the county of Kings on the 16th day of November, 1898, upon the decision of the court, rendered

after a trial at the Kings County Special Term, adjudging that the mortgage held by the said defendants is a first lien upon the moneys derived from the sale of the property described in the complaint.

*Rush Taggart*, for the appellant Squire.

*Miles Gearon*, for the appellant Gearon.

*Jacob F. Miller*, for the respondents.

CULLEN, J.:

For a detail of the facts of this case reference must be had to a report of the case on a previous appeal (32 App. Div. 258). The narrative is too long to justify incumbering the reports by a repetition. On the former appeal we held that the mortgage of the respondents was paramount in lien to those of the plaintiffs, and granted a new trial. On the second trial the learned judge at Special Term has followed our opinion and given judgment in favor of the respondents. The evidence in the present record is substantially the same as in the prior one, but on this appeal the appellants have raised a question which the former record did not present, and which threatens to overturn the whole edifice we erected by knocking from under it the foundation on which it rested. On the second trial the appellants objected to substantially all the oral evidence of the transactions out of which the mortgages in controversy or their respective priorities sprung, on the ground that the witnesses were disqualified under section 829 of the Code of Civil Procedure to give such testimony. The objection was overruled and the testimony admitted under plaintiffs' exception. It becomes necessary for us, therefore, to determine, *first*, whether incompetent evidence was admitted, and, *second*, if such evidence was given, then whether the judgment can be supported on the other evidence in the case.

The present holders of the three mortgages, over the relative priorities of which we have this controversy, each derived her title from William H. Nafis, who died prior to the commencement of these actions. Maria N. Anderson, as appears by the report on the former appeal, at one time held both the $3,000 mortgage, now owned by the respondents, and the $1,800 mortgage now owned by the plaintiff Squire. She assigned these to Nafis. Mrs. Anderson testified as a witness on behalf of the respondents to personal trans-

actions with the deceased Nafis relating to these mortgages. The appellants insist that Mrs. Anderson was not a competent witness as to these transactions, for the reason that the respondents trace their title from her. We think the objection is not well founded. The title of Mrs. Anderson is not in dispute and had ceased by assignment to Nafis, under whom all parties claim, anterior to the transactions out of which the controversy grows. She has no possible interest, nor do the respondents claim as successors to her rights. The exclusion of her testimony certainly does not come within the spirit of the section of the Code of Civil Procedure, nor in our view within its terms. If the action were for a piece of real estate, and dependent on the validity of a will, could it be seriously urged that a witness was disqualified from testifying to personal transactions with the testator by the fact that many years before he had owned the property in dispute?

The next objection occurs as to the testimony of the respondent Ella V. Greene. She testified in substance that, at the time of the purchase of her mortgage from Nafis, he represented that it was a first mortgage on the property. The objection to the competency of the testimony of this witness was plainly well taken. She was a party to the action, a witness on her own behalf and against the adverse parties who claimed under the deceased. The counsel for respondents justifies the admission of this testimony on the claim that the transaction testified to did not relate to the plaintiffs' mortgages. This claim proceeds upon a fundamental misconception of the effect of this testimony. True, in the conversation between the witness and Nafis the mortgages of the plaintiffs were not mentioned, but the conversation was in substance that the respondents' mortgage was a first mortgage. Such a declaration was in effect that any other mortgages, those of the plaintiffs or others, were subordinate to that of the respondents; otherwise the declaration would have had no materiality. It did not weaken the effect of such a declaration that the mortgages of the plaintiffs were not named. The case of *Lyon* v. *Whittaker* (77 Hun, 107) is not in point. It was there held that a party might give evidence of a personal transaction with a deceased person from whom she claimed title, when the adverse party did not claim title through the same person. But

here both parties claim from the deceased Nafis. Though the controversy may not relate to the title to the mortgages, but only to their respective priorities, a controversy as to priority may be as substantial as a controversy as to title. In this case the land has been sold, and all that remains is a fund in court, which is insufficient to satisfy in full either the respondents' mortgage or the two mortgages of the plaintiffs, and the party who loses priority in this litigation loses her claim.

The evidence of the witness Kearney, who testified to a personal transaction with Nafis, was also incompetent and improperly admitted. Kearney was a party to the action. He made the bond and mortgage for $3,000 which the respondents now hold. He is liable for any deficiency that may exist on a foreclosure of the mortgage. If the priority of the plaintiffs' mortgages is upheld he will be personally liable for the whole $3,000, while if the defendants' mortgage is awarded precedence he will be liable only for a small deficiency. Kearney was not called as a witness in his own behalf, but as a witness on behalf of the respondents. This does not relieve him from the disqualification of section 829. By the section he is excluded not only from being a witness in his own behalf, but from being a witness in his own interest, even though he is not a party to the action at all, or if a party, is called to give evidence on behalf of some other party whose interests are the same as his. The case of Redfield v. Redfield (110 N. Y. 671) is conclusive on this question. The husband of the plaintiff was called as a witness on her behalf to testify to a personal transaction with the defendants' testator. He was not a party to the action. It was held that he was incompetent to testify to the particular transaction, because if the wife succeeded in establishing her demand against the defendants the witness would be relieved from a claim that the wife might otherwise have against him on account of the same subject-matter. (See, also, Miller v. Montgomery, 78 N. Y. 282; Church v. Howard, 79 id. 415; Sanford v. Ellithorp, 95 id. 48.) We are inclined to the opinion that the evidence of the defendant Patrick McCann, who testified to a personal transaction with Nafis, was incompetent for the same reason. McCann made the $1,200 bond and mortgage now held by the plaintiff Gearon. The effect of his evidence, so far as it had any effect, was to show that that

mortgage had been paid by the money realized on the $3,000 mortgage of the respondents. This would relieve him from liability on the bond. As we gather from the figures, the amount on deposit would not be sufficient to pay that mortgage in full, even if the respondents' mortgage were declared subordinate.

For the admission of this incompetent testimony the judgments must be reversed, unless the other evidence is sufficient to establish the respondents' claim. The Gearon mortgage of $1,200 was not acquired by Nafis until after he had assigned the $3,000 mortgage to the respondents. The priority of the respondents' mortgage to the Gearon mortgage was upheld by us on the previous appeal, on the ground that Nafis, by his representation to the respondents that the mortgage he assigned to them was a first mortgage, had estopped himself from claiming precedence for the $1,200 mortgage which he subsequently acquired. With the testimony of Mrs. Greene stricken out, there is no proof of any representations by Nafis. The superiority of the respondents' mortgage over the Squire mortgage was declared by us on the ground that both securities represented but a single debt, and that after the assignment of the $3,000 mortgage to the respondents the $1,800 mortgage represented no obligation or security which Nafis could assign. But with the testimony of Kearney and McCann stricken out, the evidence is insufficient to show the fact on which we predicated our previous decision, that is that there was but a single debt.

For these reasons the judgments must be reversed and a new trial granted, costs to abide the final award of costs.

All concurred.

Judgments reversed and new trial granted in each case, costs to abide the final award of costs.