### SQUIRE v. GREENE et al.

### GEARON v. SAME.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. WITNESSES—TRANSACTIONS WITH DECEASED PERSONS.

On an issue as to priority of mortgages as between subassignees, and under Code Civ. Proc. § 829, the original mortgagor was a competent witness to prove statements affecting the issue, made by the mortgagee's first assignee, although such assignee was dead, when the mortgagor had been released from all liability on the mortgage or the bond secured thereby.

2. EVIDENCE—DECLARATIONS BY AN OWNER OF CHOSES IN ACTION.

The rule that declarations made by an owner of choses in action are not admissible as against an assignee for value does not apply in an action involving the priority of mortgages, when such declarations resulted in the execution of one of the mortgages, since such declarations are a part of the res gestæ.

3. MORTGAGES—PRIORITY—ASSIGNEE—PAYMENT.

One owning land upon which were two mortgages, executed a third, and an attorney intrusted with the third mortgage transaction agreed to satisfy the other two mortgages with the amount to be loaned on the third mortgage. On paying off the first mortgage, he took an assignment of it to the third mortgagee, and afterwards became the assignee of the third mortgage, which he assigned to defendants, representing to them that it

was a first mortgage upon the premises. Afterwards he became the assignee of the first and second mortgages, and assigned them to plaintiffs, who had no knowledge of the third mortgage transaction, save that it and its assignment were recorded. *Held*, that the first mortgage was paid when assigned to the third mortgagee, and as the money derived from the third mortgage had been given him to pay the second, an assignment of the latter to him also operated as a payment.

Appeal from special term, Kings county.

Action by Pauline W. Squire against Ella V. Greene and Maria S. Dunkin, impleaded, and by Artlissa V. Gearon against Ella V. Greene and Maria S. Dunkin, impleaded. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Rush Taggart and Miles Gearon, for appellants.

Jacob F. Miller, for respondents.

PER CURIAM.[1] This is the third time this case has been before us. The facts and questions of law involved fully appear in the reports of the previous appeals. Squire v. Greene, 32 App. Div. 258, 52 N. Y. Supp. 1013; Id., 38 App. Div. 431, 56 N. Y. Supp. 551. On the last appeal we held that Maria N. Anderson, to whom the $3,000 mortgage was made, was, for reasons then stated, not disqualified from testifying as to personal transactions with the attorney William H. Nafis. To that view we still adhere. We also held that James Kearney, who executed the mortgage to Mrs. Anderson, and was the owner of the mortgaged premises at the time, was disqualified from testifying to such personal transactions, because he was liable on the bond for $3,000 which he gave with the mortgage, and the success of the defendants Greene and Dunkin in this suit would operate to his advantage by relieving him from liability for any deficiency thereon. After our decision, and prior to the last trial of the action, the defendants Greene and Dunkin released and discharged Kearney from all liability on his bond. This restored his competency, for we cannot see that he has any possible interest in the result of the action.

The competency of the declarations of Nafis to Mrs. Anderson and Kearney is now challenged on the further ground that the declarations of the owner of a chose in action are not admissible as against an assignee for value. The general rule contended for is the settled law of this state, and has been for many years. Stark v. Boswell, 6 Hill, 405; Paige v. Cagwin, 7 Hill, 361; Tousley v. Barry, 16 N. Y. 497. But the conversations testified to by these two witnesses were far more than mere declarations by Nafis. They were not only part of the res gestæ, but constituent elements of the transaction itself, which resulted in the execution of the $3,000 mortgage. To such declarations the rule in no way applies. The evidence of Kearney shows that he executed the $3,000 mortgage for the purpose of raising that amount to apply in discharge of the two existing mortgages already on the property,—one for $1,800 and the

[1] This opinion was written by Mr. Justice CULLEN before his designation as an associate judge of the court of appeals, and is adopted by this court.

other for $1,200,—and that Nafis agreed to so apply such money. The evidence of Mrs. Anderson is to the effect that she gave the $3,000 to Nafis to be invested on a first mortgage, and that he agreed with her to make such investment. By reason of these agreements of Nafis with Anderson and Kearney, it became his duty to apply the sum received from Mrs. Anderson in satisfaction and discharge of the earlier mortgages. When, therefore, instead of satisfying the $1,800 mortgage, he took an assignment of it to Mrs. Anderson, the transaction operated as a payment despite the form or shape it assumed. Mrs. Anderson had but a single claim or debt against either the property or Kearney,—one for $3,000. The most favorable aspect of the transaction would be to consider Mrs. Anderson as having two securities for the same debt. We think the evidence does not justify such an assumption. By the assignment from Mrs. Anderson to Nafis the rights of the latter could be no greater than those of the former. If it be assumed that Nafis could treat the two mortgages as being both valid securities for the same debt, when he assigned the $3,000 mortgage to the defendants Greene and Dunkin he thereby necessarily discharged the $1,800 mortgage still retained, for there was left no debt of the mortgagor, nor claim against the land in favor of Nafis, to support that mortgage. As to the $1,200 mortgage the case differs, in that Nafis did not pay it, and take an assignment, until after he had assigned the $3,000 mortgage. But we do not think this affects the result. We have disregarded the testimony of the defendant Greene, because we doubt whether her relinquishment of any interest in the mortgage was sufficient to render her competent to testify to personal transactions with Nafis. But Nafis, at the time he took the assignment of this mortgage, was still under agreement with the owner of the land to pay off and discharge that mortgage with the proceeds of the Anderson mortgage. Part of those proceeds were still in his hands for that purpose, or at least such is the presumption of law. When he took up the mortgage, and had it assigned to himself, as against the owner of the land the mortgage was paid. Nafis could have maintained no action upon it. The result was that, before either of these earlier mortgages was assigned to the plaintiffs, they were, as a matter of law, paid and satisfied, though not discharged of record. No action of Nafis nor of the owner of the land could thereafter revive these incumbrances as against the defendants Greene and Dunkin, who held a valid outstanding mortgage, though the declarations of the landowner would estop him personally.

The present cases are distinguishable from those of Kellogg v. Ames, 41 N. Y. 259, and Coles v. Appleby, 87 N. Y. 114. It may be the general rule that, "when the amount due is paid, the intent of the parties in making such payment, whether to extinguish or keep alive the security, will govern." But the question is, who is to be considered as making the payment, and whose intent is to control? We think it is the owner of the land. The money obtained by the mortgage to Mrs. Anderson was his money. Nafis held the money (apart from his duty to Mrs. Anderson) simply as the agent of Kearney, and he was to do with it what he was bid and what he had

agreed to do. There is no evidence that the original agreement was ever changed, or that Nafis was authorized to do anything else than pay the mortgage. Further, the equities in these cases are very different from those in the cases cited. In Kellogg v. Ames the plaintiff took the assignment of the mortgage on representations from the owner of the equity of redemption, which would undoubtedly have estopped him from asserting the invalidity of the mortgage before the appellant, Ames, acquired any title or interest in the mortgaged premises. The same was the fact in Coles v. Appleby. But in the present cases the defendants Greene and Dunkin held their mortgage before any assignment was made to the appellants.

We do not see any force in the criticism that Kearney's testimony was inadmissible because he held the property merely for Patrick McCann. Even if we assume Kearney to have been a mere dummy, he was interested in the agreement he made with Nafis, because his liability on the bond he executed was very much affected by the question of whether it was to be a first mortgage that he was giving or a third. The property might well be of sufficient value to pay a mortgage debt of $3,000, in which case he would practically be subject to no personal liability. Therefore Nafis could not have diverted the moneys obtained on this mortgage without the consent of Kearney, even though he might obtain such authority from McCann. Of this last fact, however, there is not the slightest evidence, and no presumption to that effect should be indulged in. The plaintiffs could have called McCann as a witness, but we held on the last appeal that he was not a competent witness for the defendants, because he was the bondsman on the $1,200 mortgage.

The judgment appealed from should be affirmed, with costs.