(87 Misc. Rep. 399)

FRANKLIN v. KIDD.

(Supreme Court, Equity Term, Erie County.  November, 1914.)

1. WITNESSES (§ 140*)—TRANSACTION WITH DECEDENT—"INTERESTED IN THE EVENT."

The test of interest, under Code Civ. Proc. § 829, was whether the witness would either gain or lose by the direct legal operation of the judgment, and, if he would, he was "interested in the event," and disqualified.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, First and Second Series, Interest.]

2. WITNESSES (§ 140*) — DISQUALIFICATION — TRANSACTION WITH PERSON SINCE DECEASED—"INTERESTED IN THE EVENT."

G. executed a note to decedent, procured it to be indorsed by plaintiff, and then delivered.  Decedent subsequently discounted it at a bank; but, it not being paid when due, the bank obtained a judgment against plaintiff, when decedent paid the bank's claim and took an assignment of the judgment, whereupon plaintiff sued decedent, alleging that the note was made by G. and indorsed by plaintiff purely for decedent's accommodation, and that he was the principal debtor.  Held that, decedent having died pendente lite, the maker of the note, though not a party to the action, was "interested in the event" thereof, and was disqualified by Code Civ. Proc. § 829, to testify to any personal transaction between himself and decedent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

Action by Joseph S. Franklin against Agnes B. Kidd, as executrix of William C. Kidd, deceased.  Judgment for defendant.

M. F. Dirnberger, Jr., and George A. Orr, both of Buffalo, for plaintiff.

Thomas C. Burke, of Buffalo, for defendant.

WHEELER, J.  This action is brought to restrain the enforcement of a judgment, and have the same declared paid and canceled.  The judgment in question was obtained upon a note made by one Graydon W. Graydon, to the order of William C. Kidd, and indorsed by the plaintiff, Franklin, and delivered to the payee, Kidd.  Kidd subsequently indorsed the note and discounted it at the bank of Hamilton.  To be more correct, the note upon the judgment was obtained was a renewal of a prior note made in the same way.  When the note became due it was not paid, and the Bank of Hamilton sued and obtained judgment upon it against the indorser, Franklin.  Before the enforcement and collection of this judgment, it appears the demand of the Bank of Hamilton was paid by Kidd, and the judgment in question assigned to him.  Thereupon Franklin began this action against Kidd, alleging in substance that the notes in question were made by Graydon, and indorsed by Franklin, purely for the accommodation of Kidd, that Kidd was the principal debtor, and that, therefore, in equity, he should not be permitted to enforce the judgment against the plaintiff.  If the allegations are true, the plaintiff is entitled to the relief demanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant, Kidd, by answer, denied the allegation of the complaint that the note was made and indorsed for his accommodation. While the action was pending and undisposed of, Kidd died, and his executrix was substituted as party defendant in his place. Kidd having died, and the action having been continued against his estate, the plaintiff, Franklin, by virtue of the provisions of section 829 of the Code of Civil Procedure, is rendered incompetent to testify as a witness as to any personal transactions between himself and the defendant's testator, Kidd. In order to make out a case, the plaintiff is, therefore, forced to depend upon the testimony of Graydon, the maker of the note. The testimony of Graydon was, therefore, taken by commission, and was offered to be read upon the trial of this action. Defendant's counsel objected to the testimony of the witness, on the ground that he was disqualified under the provisions of section 829 from giving evidence as to any personal transactions between him and the deceased payee, Kidd. The court received the testimony, reserving the right to strike out his testimony if, on further consideration, he should be of the opinion that the testimony of Graydon is incompetent by reason of the objections raised.

The plaintiff, Franklin, took the stand as a witness in his own behalf, and gave certain testimony as to what transpired between himself and Graydon, the maker, at the time he indorsed the note in question. This testimony of Franklin became competent, provided the testimony of the witness Graydon is to be received. If rejected, the testimony of Franklin must also be rejected, and it was received by the court with the reservation of the right to strike it out, should it decide Graydon's evidence should be held incompetent. The question is therefore presented whether Graydon is disqualified under section 829 to testify to personal transactions between himself and Kidd, the payee of the note, tending to show that it was given for the accommodation of Kidd.

[1] It is argued on behalf of the plaintiff that, inasmuch as Graydon is not a party to this action, any decision or judgment the court may render in this action can in no way bind the defendant as to any right of action or remedy she may have against Graydon by reason of the making of the note in question, and that such judgment could not be used as evidence for or against the testator's estate in an action by it against Graydon. In this contention the plaintiff is undoubtedly correct. The question, however, remains whether Graydon is so interested "in the event" of this action as to disqualify him under the provisions of section 829. This section reads:

"Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest therefrom, through or under a deceased person or lunatic, by assignment or otherwise; concerning a personal transaction or communication between the witness and the deceased person or lunatic. * * *"

It was said in the case of Connelly v. O'Connor, 117 N. Y. 91, 22 N. E. 753, that:

"The test of interest" is whether "the witness 'will either gain or lose by the direct legal operation of the judgment.'"

If the defendant in this action should succeed, she could then proceed to enforce and collect the judgment obtained by the Bank of Hamilton against Franklin, and, upon the payment of that judgment, Franklin, in turn, as indorser of the note in question, would have a cause of action against Graydon, the maker of the note, by reason of his liability to Franklin as its indorser. Blanchard v. Blanchard, 201 N. Y. 134, 94 N. E. 630, 37 L. R. A. (N. S.) 783.

[2] If, on the other hand, Franklin should succeed, the decree would declare the judgment assigned had been paid by the party primarily liable, and would restrain its enforcement. In such event, the result of this litigation would operate to absolve Graydon from liability to Franklin by reason of his indorsement of the note, for Franklin, having obtained a judgment relieving himself from further liability on the note, and judgment in favor of the Bank of Hamilton, could not thereafter, under any circumstances, be in a position to claim Graydon was further liable to him. Graydon is, therefore, interested in the event of this litigation so far as it affects his liability to Franklin.

This is all the more manifest from the fact and circumstance that the note in question was dated March 15, 1904, and the judgment in question was obtained November 22, 1904. If the Kidd estate should sue Graydon as maker, the statute of limitations would be available to him as a bar to such an action; whereas, if Franklin is compelled to pay the judgment in question in favor of the Bank of Hamilton, the statute of limitations would only be deemed to begin to run from the time of such payment, because the indorser's cause of action is based upon the implied promise of the maker to reimburse the indorser, independent of the promise of the note itself. Blanchard v. Blanchard, 201 N. Y. 134, 94 N. E. 630, 37 L. R. A. (N. S.) 783.

We have reached the conclusion that Graydon is disqualified, under the provisions of section 829, from testifying to personal transactions with the defendant's testator, because interested in the event. In this view we think we are fully sustained by the decisions of the courts. In the case of Church v. Howard, 79 N. Y. 415, the administrator of the deceased payee of a note brought action against the maker and his surety. Howard, the surety, answered, alleging material alterations without his knowledge or consent. The court, in its opinion, said:

"The defendant Fargo, who was the maker of the note, was permitted to testify, against the objection of the plaintiff, in regard to personal transactions which took place between himself and the intestate, and to the circumstances which transpired at the time of the erasure; the judge holding that the Code did not apply to a party who had not interposed an answer and was not interested in the event. Section 829 of the Code of Civil Procedure declares that 'upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness on his own behalf or interest * * * against the executor,' etc. The question whether

the witness was not a party within this provision, and hence incompetent, is not free from difficulty; but, however that may be, we think that he was 'a person interested in the event,' and therefore incompetent to testify as to any personal transaction between himself and the intestate, and his testimony was improperly received. He was interested in avoiding a judgment against the defendant Howard, the surety, which would entitle such surety to prosecute and obtain a judgment against the defendant Fargo which he might be compelled to pay. He would be affected by the legal operation and effect of the judgment, and the record would be legal evidence in an action by the surety to recover the amount paid for his principal. 1 Greenlf. on Ev. § 390. The case of Hobart v. Hobart, 62 N. Y. 80, cited by the defendant's counsel, is not in point in reference to the question last discussed. And the view we have taken upon the question last considered is sustained by the recent case of Miller v. Montgomery, 78 N. Y. 282."

It is true that in Church v. Howard, the disqualified witness was a party to the action, but the court appears to have based its decision solely on the ground that the maker was "interested in the event."

In Redfield v. Redfield, 110 N. Y. 671, 18 N. E. 373, the plaintiff alleged that her husband purchased for her, with her money, certain shares of stock, taking the certificates in his name as trustee; that he delivered these certificates to her, but subsequently, without her authority or knowledge, transferred the certificates to his father, defendant's testator. In an action to recover the value of the stock, the plaintiff called her husband as a witness and undertook to show by him the circumstances and agreements under which he placed the stock in the possession of his deceased father. This testimony was objected to as incompetent under Code of Civil Procedure, § 829. The objection was sustained, although the witness was not a party to the action. On appeal, the Court of Appeals said:

"We think the evidence was properly excluded. The witness was interested in the event of the action. According to the plaintiff's contention and theory the witness had wrongfully taken the stock which he held as trustee for her, and had transferred it to his father, who took it with notice of the trust. He therefore became responsible to his wife for the stock disposed of to his father. If this action could be maintained, and the value of the stock and dividends thereon recovered, then he would be relieved to that extent from responsibility. Hence he was directly interested in the successful maintenance of the action."

The case of Munz v. Colvin, 35 App. Div. 188, 54 N. Y. Supp. 781, was an action on a promissory note brought by the administrator of the deceased payee against the maker. The surety upon the note, who was not a party to the action, was called as a witness on behalf of the defendant, and permitted to testify to certain conversations with the deceased payee, strengthening the maker's contention that the note was paid under an agreement made between such payee and the maker. The court, on appeal, held that:

"As the witness was liable on that note as surety, he was clearly interested in having the defendant succeed in his defense of payment, and within well-settled rules of evidence it was, therefore, incompetent for him to give evidence of this transaction"—citing Church v. Howard, 79 N. Y. 415; Lawton v. Sayles, 40 Hun, 252; Hill v. Hotchkin, 23 Hun, 414.

The counsel for the plaintiff in this action urges strongly the fact that Graydon is not a party to this action, and that therefore the es-

tate of Kidd is not bound by any determination in this action as to its cause of action against him.   We do not think that circumstance is controlling, the sole question being whether Graydon is in any way interested in the event of this action.

In the case of Pringle v. Burroughs, 185 N. Y. 378, 78 N. E. 150, 9 Ann. Cas. 264, the court holds substantially the view above expressed, and quotes with approval from the opinion of Mr. Justice Cullen in Squire v. Greene, 38 App. Div. 431, 56 N. Y. Supp. 551, where the action was to set aside the lien of a mortgage. Kearney, a witness, was liable for the deficiency, but the amount of his liability would have been much larger if the plaintiff prevailed than it would have been in the event of the success of the defendant.   He was called as a witness for the defendant.   Justice Cullen said:

"Kearney was not called as a witness in his own behalf, but as a witness on behalf of the respondents.   This does not relieve him from the disqualification of section 829.   By this section he is excluded, not only from being a witness in his own interest, even though he is not a party to the action at all, or, if a party, is called to give evidence on behalf of some other party whose interests are the same as his."

I am of the opinion that the whole weight of authority is against the admissibility of the testimony of the witness Graydon as to personal transactions between himself and the payee of the note, Kidd. This necessitates the striking out of that portion of his testimony, and also those parts of the testimony of the witness Franklin objected to.   With this testimony out of the case, there is nothing left to establish the allegations of the complaint, and the plaintiff must fail in the action.

The complaint is therefore dismissed, with costs.   So ordered.