ELIZA. PRINGLE, Appellant, v. FANNIE LOUISE BURROUGHS, Individually and as Executrix and Trustee under the Will of JOSEPH H. BRYAN, Deceased, Respondent, and ESTHER DE PUY BRYAN et al., Appellants, Impleaded with Others.

1. EVIDENCE — PERSONAL TRANSACTION WITH DECEDENT — CODE CIV. PRO. § 829.   Where in an action under section 2653a of the Code of Civil Procedure attacking the validity of a will admitted to probate by the Surrogate's Court, the interests of certain defendants and the plaintiff are precisely the same so far as they can be affected by the action, the plaintiff is as incompetent, under section 829, to testify in their behalf in reference to any personal transaction between her and the decedent, as she is to give such testimony in her own behalf.

2. PROOF OF INSANITY IN OTHER MEMBERS OF DECEDENT'S FAMILY — WHEN INCOMPETENT.   Mental derangement is not to be inferred in the absence of some manifestation of its existence in the person whose capacity is under investigation; so that while proof of hereditary tendency may add to the weight which might be given to personal manifestations of insanity, it will not suffice of itself to establish that any mental disorder exists.   In the absence, therefore, of any proof whatever of insane conduct on the part of a testator, the existence of insanity in him cannot be inferred from evidence to the effect that the mental derangement from which his sisters were suffering was due to an inherited tendency.

*Pringle* v. *Burroughs,* 100 App. Div. 366, affirmed.

(Argued May 8, 1906; decided June 12, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 23, 1905, affirming a judgment in favor of defendant, respondent, entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr, Gilbert W. Minor, Wauhope Lynn* and *Lewis E. Carr, Jr.,* for appellants. It was error for the court to direct a verdict sustaining the will of the decedent and refuse to submit the facts in the case to the jury for the determination of the question of the validity or invalidity of the will in question. (*Hagan* v. *Sone,* 174 N. Y. 317; *Ladd* v. *Ins. Co.,* 147 N. Y. 426; *Weil* v. *R. R. Co.,* 119 N. Y. 147; *Matter of Way,* 6 Misc. Rep. 484; 86 Hun, 620; *Weir* v. *Fitzgerald,* 2 Bradf. 42; *Matter of Barbineau,* 23 Misc. Rep. 417; *Foreman* v. *Smith,* 7 Lans. 443; *Tyler* v. *Gardiner,* 35 N. Y. 559.) It was error to exclude the evidence of the plaintiff as to her observation of the condition of the testator at and about the time the will was prepared and executed. (*Hobart* v. *Hobart,* 62 N. Y. 80; *Miller* v. *Montgomery,* 78 N. Y. 282; *Nearpass* v. *Gilman,* 104 N. Y. 506; *Wells* v. *Betts,* 45 App. Div. 115; *Lewis* v. *Cook,* 150 N. Y. 163.) It was error to exclude the evidence offered as to the hereditary origin of the mental feebleness of the sisters, and as to the indications of mental disorder in the sister and the mother prior to the time they died. (*Walsh* v. *People,* 88 N. Y. 458; *Prentiss* v. *Bates,* 93 Mich. 234; *People* v. *Garbutt,* 17 Mich. 9; *State* v. *Simms,* 68 Mo. 305; *Baxter* v. *Abbott,* 7 Gray, 71.)

*Henry L. Scheuerman, William W. Buckley* and *Charles P. Buckley* for respondent. The direction of the verdict was proper, because there was no evidence of undue influence or mental incapacity. (*Hagan* v. *Sone,* 174 N. Y. 317; *Dobie* v. *Armstrong,* 160 N. Y. 584; *C. A. Society* v. *Loveridge,* 70 N. Y. 387; *Gardiner* v. *Gardiner,* 34 N. Y. 155; *Brick* v. *Brick,* 66 N. Y. 144; *Coit* v. *Patchen,* 77 N. Y. 533; *Cudney* v. *Cudney,* 68 N. Y. 148; *Matter of Keefe,* 47 App. Div. 214; *Matter of Donahue,* 97 App. Div. 205; *Matter of Martin,* 98 N. Y. 193.) The evidence of plaintiff as to her observation of the condition of testator was properly excluded. (*Holcomb* v. *Holcomb,* 95 N. Y. 316; *Matter of Eysaman,* 113 N. Y. 62; *Matter of Dunham,* 121 N. Y.

575; *Matter of Bernsee*, 141 N. Y. 389; *Hutton* v. *Smith*, 175 N. Y. 379; *Fox* v. *Lennon*, 99 App. Div. 624; *Wells* v. *Betts*, 45 App. Div. 115; *Squire* v. *Green*, 38 App. Div. 431, 434; *Redfield* v. *Redfield*, 110 N. Y. 671; *Church* v. *Howard*, 79 N. Y. 415.)   The evidence with respect to the mental trouble in the mother and sister of deceased, and as to whether the insanity of his two sisters was hereditary, was properly excluded. (*Walsh* v. *People*, 88 N. Y. 458; *Matter of Myer*, 184 N. Y. 54; *Berry* v. *Safe Deposit Co.*, 96 Md. 46; *Shailer* v. *Bumstead*, 99 Mass. 131; Abbott's Trial Ev. [2d ed.] 152; *Reichenbach* v. *Ruddack*, 127 Penn. St. 589; *Titus* v. *Gage*, 70 Vt. 13; *Baxter* v. *Abbott*, 7 Gray, 81; *People* v. *Garbutt*, 17 Mich. 17; *Prentiss* v. *Bates*, 93 Mich. 243; *State* v. *Simms*, 68 Mo. 309; *Coughlin* v. *Poulson*, 2 McArthur [D. C.], 312.)

Willard Bartlett, J.   In this action, which is brought under section 2653a of the Code of Civil Procedure, the plaintiff and the appealing defendants attack the validity of the will of Joseph Hamilton Bryan, which purports to have been executed on September 6, 1899, and was admitted to probate in the Surrogate's Court of the county of New York on the 6th day of November in the same year.   In this will the testator bequeathed to the plaintiff, who was his aunt, an annuity of two hundred dollars to commence from the date when she should cease to reside with his sisters, and to continue until her death.   The plaintiff sued as a legatee under an earlier will alleged to have been executed by the testator in 1894, containing a devise and bequest to her for life of one-fourth of the net income yielded by the property devised to the testator by his father, and also a specific legacy of $5,000, payable upon the death of the testator's sisters in case the plaintiff should survive them.   The will here in controversy was assailed on the grounds of lack of testamentary capacity and undue influence.   The defendants are Fanny Louise Burroughs, a cousin of the testator, who is the principal legatee thereunder and is named in the will as executrix; the two

sisters of the testator, Eliza J. Bryan and Charlotte J. Bryan, who are suffering from mental derangement, but have not been judicially declared to be insane, and who are represented by a guardian *ad litem ;* and Esther Du Puy Bryan, who is alleged in the complaint to be the widow of the testator, although no evidence of that fact was adduced upon the trial. All these defendants, except Fannie Louise Burroughs, the executrix, join with the plaintiff in alleging the invalidity of the instrument admitted to probate.    At the close of the evidence in behalf of the parties attacking the will, the learned trial judge directed a verdict sustaining its validity.    The judgment entered upon that verdict has been affirmed by the Appellate Division, and the plaintiff and contesting defendants have appealed to this court.

The evidence introduced upon the trial was so clearly insufficient to establish a lack of testamentary capacity or undue influence that we do not deem it necessary to discuss the testimony in detail.    Under the authority of *Dobie* v. *Armstrong* (160 N. Y. 584) the trial judge was clearly right in directing a verdict, and the judgment must be affirmed, unless some error was committed in the exclusion of evidence which requires a reversal.

The testimony of the plaintiff, who is an aged lady, was taken out of court and her deposition was read upon the trial. Counsel for the respondent objected to portions of it on the ground that they related to personal transactions between the plaintiff and the testator, and were, therefore, inadmissible under section 829 of the Code of Civil Procedure.    The objections were overruled when made, but subsequently the trial judge struck out of the record those parts of the deposition relative to such personal transactions, and an exception was taken in behalf of the appellants.    Their counsel then insisted, and now insists, that even if these portions of the plaintiff's testimony were inadmissible in her own behalf they should, nevertheless, have been received in behalf of the testator's sisters, whose interest in the event of the action is different from that of the plaintiff herself.    His argument is that

the plaintiff claims under the prior will, which gave her a larger share in the estate than she receives under the will which has been admitted to probate, while the sisters of the testator claim nothing under the prior will, but seek merely to establish the invalidity of the instrument here in controversy in order that they may take the entire estate as in case of intestacy.   The answer which was interposed in behalf of the sisters, however, by their guardian *ad litem*, hardly justifies this distinction.   It merely denies the validity of the probate of the instrument and prays for judgment accordingly, that it be declared not to be the last will and testament of Joseph Hamilton Bryan, deceased.   So far as this litigation is concerned, the only issues which could be determined therein relate to the validity of the instrument which has been admitted to probate by the Surrogate's Court; and it would seem that the interests of the sisters of the testator and of the plaintiff in the present suit, or so far as they can be affected by the present suit, are precisely the same — that is to say, the sisters and the plaintiff are both interested in having the alleged will adjudged invalid.

If this view be correct, the plaintiff was just as incompetent to testify in behalf of the sisters in reference to any personal transaction between her and the deceased as she was to give such testimony in her own behalf.   (*Redfield* v. *Redfield*, 110 N. Y. 671; *Squire* v. *Greene*, 38 App. Div. 431.)   In the case first cited the husband of the plaintiff was held to be incompetent to testify in her behalf to personal transactions with his deceased father because, although the witness was not a party to the action, his testimony would tend to relieve him from a claim that his wife might otherwise have against him.   In the second case the opinion of the Appellate Division was written by Mr. Justice CULLEN and the question was as to the competency of the testimony of one Kearney concerning a personal transaction with a deceased person under whom both parties claimed.   The action was to set aside the lien of a mortgage.   Kearney was liable for the deficiency, but the amount of his liability would have been much larger

if the plaintiffs prevailed than it would have been in the event of the success of the defendant. Judge Cullen said: "Kearney was not called as a witness in his own behalf, but as a witness on behalf of the respondents. This does not relieve him from the disqualification of section 829. By this section he is excluded, not only from being a witness in his own interest even though he is not a party to the action at all, or if a party, is called to give evidence on behalf of some other party whose interests are the same as his."

But even if it be conceded that the plaintiff was competent to testify in behalf of the testator's sisters as to personal transactions between herself and the decedent, it is apparent that the appellants suffered no injury by the action of the court in reference to those portions of the deposition which were stricken out after being read to the jury. Allowing the deposition to stand in its entirety as evidence in the case it contains nothing which would warrant a finding in favor of the appellants against the validity of this will. It merely shows that the testator at the time of the execution of the will was weak in body but not in mind, and that the respondent had abundant opportunity to exercise influence upon him in regard to the disposition of his property, but not that she actually exercised any influence whatever.

The only other serious question relative to the rulings of the trial court arises in reference to the exclusion of evidence designed to show that the mental derangement from which it was conceded that the testator's sisters were suffering was due to an inherited tendency. The question may be stated thus: "In the absence of any proof whatever of insane conduct on the part of a testator, may the existence of insanity in him be inferred from evidence to the effect that his ancestors or relatives were insane?" We think not. The weight of judicial authority in this country, both in criminal and civil cases, is to the effect that evidence as to the insanity of the ancestors or other relatives of a person whose sanity is called in question is not receivable except in support of proof of acts or language of an insane character on the part of the

N. Y. Rep.] Opinion of the Court, per WILLARD BARTLETT, J.

individual whose mental capacity is in question. Such evidence has frequently been characterized by the courts as cumulative or supplementary, being offered in support of testimony indicating actual insanity. Thus, it was said by this court in the case of *Walsh* v. *People* (88 N. Y. 458, 467) : " It was competent for the prisoner to prove in aid and corroboration of other proof or of circumstances creating a presumption or tending to justify an inference of insanity at the time of the commission of the act that he inherited a disease which predisposed him to insanity. The insanity of parents or relatives is also admissible upon the issue of insanity. It tends to show an hereditary taint, and *supplements* evidence of insanity of the accused."

The admissibility of proof of hereditary tendency upon the issue of insanity has been asserted in many cases and in many jurisdictions, but as a rule such proof is held to be receivable only in aid or support of other evidence going directly to establish the existence of a disordered mind in the person whose competency is the subject of inquiry. (*Shailer* v. *Bumstead*, 99 Mass. 112, 131.) " No case is cited in which such evidence has been admitted in aid of the proof showing mere weakness of mind or eccentricity." In *People* v. *Smith* (31 Calif. 467) the Supreme Court of California recognized and applied the rule that evidence as to hereditary insanity offered in behalf of the defendant in a criminal case is admissible where there is other proof in the case at the time when it is offered tending to establish the personal insanity of the defendant. " A court is not bound to hear evidence of the insanity of a man's relatives," said AGNEW, Ch. J., in *Laros* v. *Commonwealth* (84 Pa. St. 200, 209), " as grounds of a presumption of possible insanity until some evidence has been given that the prisoner himself has shown signs of his own insanity." To the same effect are the views expressed by the Supreme Court of Iowa in *State* v. *Van Tassel* (103 Iowa, 6), where it is said that in a criminal case proof of hereditary insanity is admitted as cumulative evidence, but the insanity of ancestors is of itself no defense in

the absence of evidence that the defendant himself is insane, or has shown symptoms of insanity.

Upon the trial of an indictment in Indiana for murder in the first degree, the trial judge charged as follows : " The fact, if proved, that the mother and uncle of the defendant were insane is no evidence of the insanity of the defendant; and without other proof tending to prove that the defendant was insane at the time he did the act it must be disregarded by the jury. The law does not presume the son insane because the mother was nor because other relations were, and from such facts alone you cannot find insanity in the defendant." On a review of the conviction the Supreme Court of Indiana held that these instructions in regard to hereditary insanity were not open to any valid objection. (*Bradley* v. *State*, 31 Ind. 492.) So upon a trial for manslaughter in Arkansas evidence was held to be competent tending to show that insanity had existed in the family of the defendant for some time — first in the grandmother and great uncle and great aunt and then temporarily in the mother. The court declared, however, that this testimony was not admissible until some evidence had been adduced indicating that the defendant had shown signs of her own insanity, saying that evidence of hereditary insanity is only admissible as cumulative evidence — as corroborative of the other. (*Green* v. *State*, 64 Ark. 523, 530.)

In *Berry* v. *Safe Deposit & Trust Co.* (96 Md. 45, 65) one of the issues related to the competency of a testator, and the plaintiff sought to show by the testimony of his niece that other members of the family had been affected with mental derangement. This evidence was excluded upon objection by the defendant and the ruling was sustained upon appeal, the court saying : " It is competent to prove that insanity exists or existed in the family of the person whose sanity is under investigation, *but this can only be done after a foundation has been laid by an offer of some direct proof of insanity in the person whose mental condition is in issue.* It is only cumulative evidence, and unless the foundation above indicated

has been laid it is not admissible. Of itself and standing alone it proves nothing. No foundation was laid for its introduction, and, therefore, the evidence of collateral insanity was properly excluded."

The principle which runs through all these cases, and others which might be cited to the same effect, is that mental derangement is not to be inferred in the absence of some manifestation of its existence in the person whose capacity is under investigation; so that while proof of hereditary tendency may add to the weight which might be given to personal manifestations of insanity it will not suffice of itself to establish that any mental disorder exists. (See *Snow* v. *Benton*, 28 Ill. 307; *Baxter* v. *Abbott*, 7 Gray, 71.)

The rule of evidence to be deduced from the cases which have been cited is well founded in reason and calculated to prevent baseless and speculative inferences adverse to those whose personal conduct discloses no irrational action, but whose line of ancestry may somewhere be tinged with insanity. The law should not permit, and we are quite clear that it does not permit, any judicial tribunal to infer that a man is insane simply and solely because some of his ancestors have been so.

The judgment under review should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.