In re HENNESSEY'S WILL.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. WITNESSES (§ 140*)—COMPETENCY—"PERSON INTERESTED IN THE EVENT."

A beneficiary under a will claimed to have been executed subsequent to that sought to be probated is not a "person interested in the event" of the probate, so as to be excluded from testifying in the probate proceedings by Code Civ. Proc. § 829, providing that a party or person interested in the event shall not be examined as a witness concerning a personal transaction or communication between witness and decedent in an action against an administrator, etc.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 4, p. 3710; vol. 8, pp. 7691, 7692.]

2. EVIDENCE (§ 590*)—WEIGHT—INTEREST OF WITNESS.

The evidence of persons indirectly interested in the event of the probate is to be considered by the jury with respect to what effect their interest has upon their credibility.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2439; Dec. Dig. § 590.*]

3. WITNESSES (§ 140*)—INCOMPETENCY—INTEREST IN EVENT.

The test of the interest of a witness in the event, so as to be disqualified under Code Civ. Proc. § 829, from testifying concerning a personal transaction or communication with decedent in an action against the administrator, etc., is that the witness will either gain or lose by the direct legal operation of the judgment, or that the record in the action will be legal evidence for or against him in some other action.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

Appeal from Surrogate's Court, Broome County.

Application by Henry J. Hennessey for probate of the will of Charles V. Hennessey, deceased. From a decree admitting the will to probate when offered by Henry J. Hennessey, Catherine Hennessey and others appeal. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Hinman, Howard & Kattell, of Binghamton (Thomas B. Kattell, of Binghamton, of counsel), for appellants.

Newell & Rhodes, of Binghamton (Leon C. Rhodes, of Binghamton, of counsel), for respondent.

WOODWARD, J. Charles V. Hennessey died on the 14th day of March, 1912. He had no children, his father was dead, and he had procured a divorce from his wife. He died at the home of his mother, Catherine Hennessey. He left an estate valued at something over $4,000, which estate appears to have been derived largely from the estate of a deceased uncle, Timothy Hennessey. The will in question was made and executed on the 16th day of June, 1909. There does not appear to be any question that this will conforms to all of the statutory requirements. No question is raised as to the testamentary

capacity of the deceased; but the contestants, the mother and others, contend that this will has been canceled and annulled by a later will. The contention of the contestants was that in the year 1910 one William F. Donley, a friend of the deceased, at the request of the latter, drew a will upon a blank form, which will was duly executed, and which contained a clause revoking all former wills. This will, it is claimed, was left with Donley for a time, and that Charles V. Hennessey, the deceased, then took it away, giving Donley a receipt for the same in connection with other papers. This alleged will has not been found. The subscribing witnesses to this alleged will are said to be dead, and the contestants called Donley as a witness to prove its execution, etc. Objection was made to the testimony of Donley, who is alleged to have been a beneficiary to the extent of $250 under the alleged subsequent will, on the grounds set forth in section 829 of the Code of Civil Procedure, and the most important part of his proposed testimony was excluded. With this testimony out of the proceeding, the learned surrogate admitted the will in question to probate. The contestants appeal to this court, urging that the learned surrogate erred in excluding Donley's testimony as to the existence of the subsequent will.

[1] Section 829 of the Code of Civil Procedure provides that, upon the "trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, * * * shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise; concerning a personal transaction or communication between the witness and the deceased person or lunatic," with an exception not necessary to be here noted. Donley, who claims to have been a beneficiary under the subsequent will of Hennessey, it seems to us, is not "a person interested in the event." The eventual judgment or decree can have no binding force upon him directly, nor can such judgment or decree be used in any action or proceeding to which he is a party against him.

[2] It is not the policy of the law to exclude witnesses because they have an ultimate interest in the question involved in litigation. It merely seeks to prevent taking an undue advantage of the dead. This is clearly apparent, if we read sections 828 and 829 of the Code of Civil Procedure together; and where the witness is not testifying to a personal communication or transaction with the deceased person in relation to the question at issue, and in which he is interested legally in the event, there is no valid objection to his competency under section 829 of the Code of Civil Procedure. Testimony of parties, or those indirectly interested, is to be considered by the jury to determine what effect, if any, their interest in the result of the controversy should have upon their credibility. Goldsmith v. Coverly, 75 Hun, 48, 27 N. Y. Supp. 116.

[3] The true test of the interest of a witness, under the provisions of section 829 of the Code of Civil Procedure, is that he will either

gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent. Talbot v. Laubheim, 188 N. Y. 421, 425, 426, 81 N. E. 163. It is true, of course, that the witness Donley claims to be a legatee under the subsequent will, which is relied upon to revoke the will now under consideration; but the revocation of this particular will does not operate to probate some other will. If probate is refused the will now before the court, a new proceeding will have to be instituted, where Donley will not be a competent witness, before any rights of his can be established. No adjudication in reference to the present will can establish the contents or validity of the alleged subsequent will under which Donley claims, as between himself and any of the parties to this proceeding, and he is not, therefore, interested in the event, in a legal sense, so as to render him incompetent to testify.

The general rule appears to be conceded by the respondent, but it is urged that the Matter of Will of Smith, 95 N. Y. 516, has in some manner modified the rule, and made it applicable to a mere witness, not a party to the action. This comes from a misapprehension of the question which the court had under consideration. In that case the issue presented was that of undue influence. The proponent was an attorney, the draftsman of the will, and the principal beneficiary. The contestant was a legatee under a former will. The proponent was permitted, over the objection and exception of the contestant under the provisions of section 829 of the Code of Civil Procedure, to testify to the contents of a lost will, made and executed some 20 years prior to the last will, in which the proponent's deceased child was the principal beneficiary, and also as to a memorandum which he had made of the contents of a proposed will some days prior to the making of the will then before the court; the purpose of such testimony being to show the continued intention of the testatrix in harmony with the will which was offered for probate, and which would, of course, have a tendency to overcome the suggestion of undue influence in the making of the last will. The objection was overruled, and upon the case reaching the Court of Appeals it was pointed out that the contestant derived whatever interest she had in the controversy, and which enabled her to become a party to the proceeding, through the prior will, and that the contestant "was a person deriving an interest under the deceased" within the meaning of the section. The case merely held that the contestant was in a position to urge the objection as against the proponent of the will; that she had a right to contest the probate of the last will, because she was a person deriving her "title or interest from, through or under a deceased person," and, having derived her interest in this manner, that she was entitled to the protection of the statute in a manner similar to that of heirs or next of kin contesting the will of an ancestor. The case in no sense modifies the rule as applied to the question here presented.

The decree appealed from should be reversed, with costs, and a new trial ordered. All concur.