CHARLES B. KERWOOD, as Executor, etc., of WESLEY HALL, Deceased, Appellant, *v.* FRANK HALL and EMMA D. HALL, Respondents.

Third Department, May 3, 1922.

Bills and notes — action by executor of payee to recover on note — defense that note, which was given at time land was deeded to maker, was to be of no force in case payee predeceased maker — mortgage given at same time under same condition — res judicata — judgment in present action would be res judicata in action to foreclose mortgage — witnesses — attorney who held mortgage on same land executed by maker of note subsequent to death of payee incompetent under Code of Civil Procedure, § 829, to testify to transaction between payee and maker — test for determining whether witness " interested in the event."

A judgment in an action by an executor of the payee of a promissory note given at the same time that the payee deeded land to the maker, in which the defense interposed is that the note was not to be of any force or validity unless the

payee survived the maker, would be *res judicata* in an action to foreclose a mortgage on the land given by the maker of the note at the same time and as a part of the same transaction in which the note was given.

Accordingly, in an action on said promissory note, the attorney who performed the services for the payee and the maker at the time of the execution of the deed and the giving of the note and mortgage, and who subsequently to the death of the payee took a mortgage on the same land executed by the maker of the note is incompetent, under section 829 of the Code of Civil Procedure, to testify as to the transaction between the maker and the payee at the time the note was executed, for he is an interested person in that if the mortgage given by the maker of the note to the payee were held to be of no force, then the security of the mortgage given to the witness would be materially increased.

The test for determining whether a person is " interested in the event " and is " a witness in his own behalf or interest " within the meaning of section 829 of the Code of Civil Procedure, is not merely that he may gain or lose by the effect of the judgment in the action in which he is testifying, but that the judgment in that action will be legal evidence for or against him in some other action.

Appeal by the plaintiff, Charles B. Kerwood, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 8th day of September, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of September, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellant.

*Lawrence B. McKelvey,* for the respondents.

Cochrane, P. J.:

This is an action on a promissory note for the sum of $3,000, executed by the defendants September 24, 1918, to the order of Wesley Hall, plaintiff's testator, and payable April 1, 1919. The defendants have successfully defended the action on the ground that the note was delivered on the condition that it should have no force or validity unless the payee survived the maker, Frank Hall, and that the note was without consideration. Wesley Hall died April 12, 1919.

Wesley Hall and his wife had no children. They lived on a farm of about 100 acres, about one-half of which was separately owned by each of them. They took into their household a young girl who was regarded and treated as a member of their family until she married and became Mrs. Kerwood, the wife of the plaintiff herein. That marriage occurred in the year 1890, after which time there seemed to be an estrangement or at least a lack of intimacy between the two families.

Wesley Hall and his wife also took into their household the

defendant Frank Hall when he was about one year old. He, too, was regarded and treated as a member of their family and has ever since lived on the farm in question. February 16, 1918, he married the other defendant, Emma Hall, who has since resided with him on said farm.

Previous to the marriage of Frank, Mrs. Wesley Hall died, but before her death she gave to him the fifty acres of the farm which she owned. On September 24, 1918, Wesley Hall and Frank Hall together went to the office of Mr. Coons, an attorney, who had previously transacted business for the former. The purpose of their visit and what there occurred is stated in the defendants' brief as follows: " In the presence of Frank Hall, Mr. Wesley Hall stated to Mr. Coons that he had decided to deed the farm to Frank, whom he considered entitled to it, and that he felt that this course might save Frank trouble later on. He wished the deed to be absolute for all purposes, as he himself expected to live with Frank, and would need nothing further; but he desired to provide against the remote contingency of Frank Hall dying first. In the event that Frank should predecease him he wished to have something for his own protection, and for that purpose it was agreed that the deed should recite a consideration of $4,500; that Frank and his wife should give back a note of $3,000 and a mortgage of $1,500. These obligations Mr. Hall agreed were never to be collected or considered enforceable except and unless Frank should die first, their purpose being only for his protection in that event." At that time Mr. Coons had in his possession a will previously executed by Wesley Hall giving substantially all his property to Frank and naming him the executor thereof.

At the time of the last-mentioned visit to Mr. Coons he drew a deed of the farm and a bill of sale of the personal property from Wesley Hall to Frank Hall, a bond and mortgage for $1,500 from the latter to the former, and the promissory note in question. All of these papers were executed and the note and bond and mortgage were taken away by Wesley Hall and the mortgage a few days thereafter was recorded. According to the evidence Wesley Hall had stated that he would not record the same. Frank Hall objected to the price named as the value of the farm but was reassured by Wesley Hall, saying that it would all be his in the end; that he had willed him all the property he had and that he would not change his will. Some question arose as to the value of the farm for the purpose of affixing thereto the necessary revenue stamps and it was finally understood that the value of the farm was about $2,500 and revenue stamps corresponding to that value were attached to the deed.

On October 10, 1918, Wesley Hall left the home of Frank Hall and the farm where he had resided for many years and took up his residence with Mrs. Kerwood with whom he subsequently resided until the time of his death. In January of 1919 he executed another will whereby he gave practically all his property to Mrs. Kerwood and named her husband as executor of the will and entirely disinherited Frank Hall.

On September 16, 1919, Frank Hall executed a mortgage for $1,500 to Mr. Coons in consideration of legal services rendered by the latter, the mortgage covering the same property as was covered by the mortgage to Wesley Hall.

The principal witness for the defendants was Mr. Coons who testified extensively as to the transactions and conversations at his office on September 24, 1918. According to his testimony the deed of the farm and bill of sale of the personal property was a gift to Frank Hall unless the latter predeceased Wesley Hall and except in this latter contingency the $1,500 bond and mortgage and the $3,000 note were not to be enforced or have any validity whatever. The jury accepted his testimony and rendered a verdict accordingly in favor of the defendants. This understanding or agreement as testified to by Mr. Coons is not evidenced by any written instrument. It rests entirely on oral evidence and mainly that of Mr. Coons. Objection was made to the testimony of Mr. Coons on the ground that it was inadmissible under section 829 of the Code of Civil Procedure. The ruling of the court admitting this evidence is a serious feature of this appeal.

So much of section 829 of the Code of Civil Procedure as is applicable to this question is as follows: "Upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * concerning a personal transaction or communication between the witness and the deceased person * * *."

When Mr. Coons testified, he held a mortgage on the farm formerly owned by Wesley Hall, which mortgage was subsequent to the one executed to the latter by Frank Hall. In an action to foreclose this latter mortgage Mr. Coons as a subsequent mortgagee would be a necessary party defendant. In such an action the testimony given by him in this action would tend to destroy the first mortgage and thus materially increase the security of his mortgage. There can scarcely be any doubt that in such an action his testimony would be inadmissible under section 829. His testimony in the present action has had precisely the same effect. If the present judgment is sustained it will be *res judicata* between the plaintiff and Frank Hall in an action to foreclose the first

mortgage. The mortgage and the note rest on precisely the same evidence for their validity. Neither was to have any validity unless Wesley Hall survived Frank. If the one is unenforcible so is the other and for the same reason. Executed as parts of the same transaction and both depending for their validity on the single fact of the survivorship of Wesley Hall, this judgment declares the fact to be that they are both unenforcible. Authorities might be unnecessarily multiplied to the effect that this present judgment will be conclusive in any other action between the same parties or their privies as to matters involved in the present action. In Ruling Case Law (Vol. 15, pp. 973–977, Judgments, §§ 450, 451) there is a statement of the law applicable to such a situation and the citation of numerous authorities from various jurisdictions. It follows therefrom that the judgment in this case if sustained will be conclusive evidence establishing the invalidity of the plaintiff's mortgage in an action by him to foreclose the same and that the mortgage of Mr. Coons will become a first lien on the property covered thereby.

Mr. Coons was " a person interested in the event " and " a witness in his own behalf or interest " under section 829. The test of that question as established by the authorities is not merely that he may gain or lose by the effect of the judgment in this action but that this judgment will be legal evidence for or against him in some other action. (*Wallace* v. *Straus,* 113 N. Y. 241; *Hoffmann* v. *Union Dime Savings Institution,* 95 App. Div. 329; *Baxter* v. *Baxter,* 13 id. 65; *Eisenlord* v. *Clum,* 126 N. Y. 552, 556; *Matter of Hennessey,* 157 App. Div. 136, 138; *Albany County Savings Bank* v. *McCarty,* 149 N. Y. 71, 84; *Church* v. *Howard,* 79 id. 415, 420.) We, therefore, conclude that the testimony of Mr. Coons should have been excluded.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.