In the Matter of the Estate of FREDERICK W. MARTIN, Deceased.*

Surrogate's Court, New York County, March 2, 1934.

---

*Benjamin Davidson,* for the petitioner.

*Patterson, Eagle, Greenough & Day,* for the contestants.

*John J. Bennett, Jr., Attorney-General of the State of New York.*

*Meyer Levy,* special guardian.

DELEHANTY, S.   A verdict was directed by the court in favor of proponent upon all issues framed for trial.   Motion is now made to set aside the verdict so directed.

Deceased had no close relatives, but he called " cousin " a woman who may have had no blood relationship to him at all, but whose relationship if it existed was not closer than that of first cousin once removed of the half blood.   Deceased lived for ten years in a furnished rooming house operated by the chief. beneficiary of his will. Up to six months before making the will propounded for probate deceased obviously had a different testamentary scheme which was evidenced by one will drawn in 1929, two drawn in 1931 and three drawn in 1932.   These six wills gave recognition to various persons and institutions who are wholly ignored in the will propounded. Persons interested in these earlier wills make contest here and assert that the factum of the will has not been established and that the will propounded is the product of undue influence and fraud exercised by the chief beneficiary upon deceased.

The formal execution of the will in compliance with the requirements of the statute was testified to by the two witnesses.   Each stated that the will had been executed in the office of a lawyer now dead.   Each testified substantially to the same facts indicating

that the will had been prepared by this attorney prior to the date of its execution and that on the day of its execution it was read by deceased, that he approved its text, that the attorney then had inserted a date and that thereupon the paper was signed by deceased and by the witnesses.

On the cross-examination of the first of the attesting witnesses very great latitude was given to counsel for the contestants in searching the credibility of the witness. In that examination there was disclosed a basis upon which a jury might have found that the testimony of this witness of lack of acquaintance with the chief beneficiary was false. From this basis counsel for contestants argues that the jury could and the court should disregard his testimony entirely. No substantial attack is made upon the testimony of the other subscribing witness. He was related, however, to the attorney who drew the will and argument is made that this relationship plus the alleged falsification by the first witness respecting his contact with the chief beneficiary permits an inference that the will in fact was not executed as testified to by the witness and that, therefore, there is no proof of compliance with statutory requirements.

In furtherance of this same argument of lack of proof of the factum the court is asked to compare the signature on the propounded paper with the signatures on earlier wills. The court offered to counsel for contestants an adjournment to permit the calling of a handwriting expert if serious contest was made of the actual signature by deceased of the propounded paper. Counsel for contestants rested on the claim of lack of similarity in the signatures. This the court cannot find from its inspection. The suggestion that the signature if genuine might have been procured by fraud is purely speculative and supported by no proof in the record. In the absence of any basis of real attack upon the testimony of the second of the subscribing witnesses there is in his testimony alone sufficient to establish the factum of the will. It should be noted that the claim of falsification by the other witnesses relates to a subject-matter wholly separate from the proof of the factum of the will and while the court might be justified in disregarding the testimony of this witness it is not required to do so especially where the testimony on the subject of the execution of the will is wholly in conformity with that of the other witness. - Contestant, of course, had the burden of establishing fraud and undue influence. On this branch of the case it is to be noted that all the prior wills spoke of a sense of gratitude of deceased to the chief beneficiary under the propounded paper. Such earlier wills also evidenced affection for the child of that beneficiary. The

proof established that deceased was elderly and lonely and that he perhaps was a hypochondriac. He evidently watched his outlays carefully and was critical of the cost of service rendered to him and of the failure to account to him for change when purchases were made by others for him. He was suspicious of being overheard when talking with his friends and he made some casual statements about being tired of life and of contemplating suicide. There is no evidence whatever that the chief beneficiary under the propounded paper excluded any one from deceased. The contrary is established. Friends visited deceased regularly and while deceased was able to get about he went out to visit his friends freely. Shortly before the will in question was executed deceased had been in a hospital and apparently during that period had formed the idea of making the disposition of his estate provided for in the propounded paper. He signed the will shortly after leaving the hospital. The weakness evidenced by the signature is wholly accounted for by his physical condition.

The testimony of mental weakness is utterly trivial. Those witnesses who testified to incidents that might lend color to that attack upon his capacity were themselves contradicted by other witnesses of contestants who said that his mental operations were quite consistent with the same standard over a period of years and continued long past the date of execution of this paper.

Some rulings were made during the trial which require comment. Evidence was offered by contestants of statements made by deceased after the date of the propounded paper purporting to indicate that the will of deceased was other than as stated in the propounded paper. This evidence is plainly incompetent (*Matter of Kennedy*, 167 N. Y. 163) for the purpose for which it was offered. It was not offered as proof of mental weakness and would not have changed the view of the court on that subject had it been so offered.

Contestants tendered the evidence of beneficiaries under prior wills. Objection to their testimony was made by reason of incompetence under section 347 of the Civil Practice Act. That objection was sustained. The witnesses were clearly incompetent to testify. (*Pringle* v. *Burroughs*, 100 App. Div. 366; affd., 185 N. Y. 375; *Matter of Smith*, 95 id. 516; *Matter of Jeffrey*, 129 App. Div. 791; *Matter of Dunham*, 121 N. Y. 575.) Contestants cited *Matter of Hennessey* (157 App. Div. 136) in support of their offer. The case is not in point. The witness held to be competent in the case last cited was one interested in a subsequent and not a prior will. The court truly said that the defeat of the earlier will would not in any wise prove the validity of the subsequent will and hence there was no proof of direct interest by the witness in the event of the

issue. There can be no doubt of the interest of a witness to defeat a will subsequent to that under which alone the witness would take.

For the reasons stated, the motion to set aside the verdict is denied. The verdict of the jury is made the order of the court. The objections to the probate are dismissed, with costs. A decree may be entered admitting the propounded paper to probate as the last will and testament of deceased.