■ In the Matter of the Estate of ETHEL C. SHEEHAN, Deceased.— Decree unanimously affirmed, with costs to respondent. Memorandum: We affirm the decree of the Surrogate which denied the admission to probate of two writings alleged to be codicils to the last will and testament of the deceased, Ethel Cabana Sheehan, and which further denied appellant's

motion to submit additional evidence relating to the execution of these codicils. The two codicils were properly denied probate on the ground that the facts and circumstances surrounding their execution indicated that both codicils were invalid for lack of publication (EPTL 3-2.1, subd [a], par [3]). Publication demands not only that the testatrix have knowledge of the character of the instrument but, equally important, that she share that knowledge with her witnesses. While "no particular form of words" is necessary, the minimum statutory prescription is that there be some kind of communication to the attesting witnesses that the instrument which they are asked to sign is testamentary in character. "It must appear that, as between the testator and the witnesses, there was some meeting of the minds upon the understanding that the instrument was the testator's will" *(Matter of Turell,* 166 NY 330, 337). "The reason for requiring publication is twofold: first, to furnish proof that the testator is under no misapprehension, whether by malicious contrivance or otherwise, as to the nature or identity of the instrument, and second, to impress upon the witnesses the fact that, since the document is a will, they are expected 'to remember what occurred at its execution and be ready to vouch for its validity in court' " *(Matter of Pulvermacher,* 305 NY 378, 383). Testimony at the hearing reveals that at the time of execution of the second codicil, dated July 17, 1974, the testatrix appeared "coma-like" and made no statements. One of the persons benefited by its provisions was present and at its execution held the pen, caught the testatrix' hand and dragged it along with her hand. There was clearly lacking between the testatrix and the witnesses a "meeting of the minds upon the understanding" that the instrument was the codicil of the testatrix *(Matter of Turell, supra* p 337). While one attesting witness knew the nature of the first codicil dated July 13, 1974 publication was lacking as to the other attesting witness, Phyllis Steiger. The testimony establishes that no indication, by word or otherwise, was given to the attesting witness Steiger that the document which she was witnessing was a "will" or codicil. Phyllis Steiger stated that she was not aware that she was signing the paper as a witness to a codicil, and further indicated that the paper was partially covered or folded so that the signature of the deceased could not be seen. Consequently, publication of the first codicil was complete only as to one attesting witness and was not, therefore, duly executed in accordance with EPTL 3-2.1 (subd [a], par [3]). Finally, the Surrogate properly excluded evidence offered as to the circumstances surrounding the execution of the two codicils. The instant proceeding was commenced pursuant to SCPA 1408 which charges the court to inquire into all the facts and be satisfied with the genuineness and validity of the execution of the instrument before admitting it to probate. "The jurisdiction of the court is exercised by the commencement of a proceeding in the court. All proceedings are special proceedings and are commenced by filing a petition" (SCPA 203). Thus, this action commenced under SCPA 1408 was a special proceeding. The New York dead man's statute (CPLR 4519) provides in part that "Upon the trial of an action or the hearing upon the merits of a special proceeding" the testimony of interested witnesses is barred. Evidence, excludable under the dead man's statute, may be considered to defeat a motion for summary judgment *(Phillips v Kantor & Co.,* 31 NY2d 307); and a preliminary inquiry under the Surrogate's Court Act into the conduct of a fiduciary or concerning the perpetuation of testimony is not a hearing on the merits for the purposes of the dead man's statute *(Matter of VanVolkenburgh,* 254 NY 139). But this SCPA 1408 proceeding was commenced for the purpose of having these two codicils admitted to probate. The proceeding encompassed

an adversary hearing on the merits and resulted in an affirmative determination affecting the rights of the beneficiaries. Therefore, CPLR 4519 applies and it effectively bars the testimony of any interested witnesses. The excluded witnesses were patently interested in the action, since they stood either to gain or lose as legatees by the direct legal operation and effect of the judgment *(Matter of Hennessey,* 157 App Div 136). Legatees named in a "will" or codicil are ordinarily not competent witnesses to prove a conversation taking place at its preparation and execution, or to testify to the instructions of the testator, or to communications or transactions with him *(Loder v Whelpley,* 111 NY 239); or to any transaction between the testator and others, in any portion of which the witness participated, or to any conversation in his hearing, although not with or addressed to the testator *(Matter of Eysaman,* 113 NY 62; *Holcomb v Holcomb,* 95 NY 316). Under these tests, the excluded witnesses were interested and their testimony as to the circumstances surrounding the execution of the two proferred codicils was properly excluded. (Appeal from decree of Erie County Surrogate's Court denying probate of codicils.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ. [80 Misc 2d 793.]