Decree unanimously reversed, without costs, and motion denied. Memorandum: This is an appeal from a decree of Surrogate Court which granted contestant’s motion for summary judgment denying probate of a will of Floyd Alden dated June 28, 1974 for lack of due execution (EPTL 3-2.1). Following a SCPA 1404 hearing, contestant, John Alden, filed objections to the will offered by proponent Miriam Alden and served a motion for summary judgment to deny probate. After substitution of counsel for proponent and upon the return date of the motion to reargue, proponent’s attorney requested a further adjournment to permit Miriam Alden the opportunity to testify in support of her contention that the writing was duly executed. The request was denied, the motion for summary judgment reargued and the motion for summary judgment denying probate granted. The Surrogate found that the testator did not request the witnesses to sign the will nor did he express his intention that this be his last will and testament. Further, the Surrogate believed, in his discretion, that the proponent’s offer of proof was untimely under CPLR 2214 (subds [b], [c]) and, as a matter of law, was incompetent pursuant to the dead man’s statute (CPLR 4519). The testimony of the three attesting witnesses discloses that while the testator did not expressly request them to witness his will, the will was read aloud in their presence and presence of the testator. At the ceremony all the witnesses were aware of the testamentary nature of the document. They opined that the testator was competent to sign the will and in fact did sign it unaided. Further, the will as read aloud provides as follows: "I, Floyd D. Alden, a resident of the Village of Bath, County of Steuben, State of New York, hereby revoking all prior wills, do make, publish and declare this instrument as my last will and testament * * * The foregoing instrument, consisting of one page and this page, was on the 28th day of June, 1974 signed by the above-named testator, Floyd Alden, in our presence at his request, and in his presence and in the presence of each other, we have hereunto subscribed our names as witnesses.” This attestation clause, read aloud, provides persuasive evidence of the actual occurrence of the facts recited (Matter of Nelson, 141 NY 152, 156). There was also testimony that during the reading of the will, the proponent asked the testator if she was doing as he wished, to which the testator replied, "yes”. After reading further, the testator, apparently not in response to any question, said "don’t care”. The Surrogate believed that the testator’s expression revealed a lack of intention to make or publish a will. We find that the "don’t care” response is equivocal at best and might indicate that the testator did not care that his son was not to share equally in his estate. While it is clear that summary judgment may be granted in probate proceedings where no triable issues of fact exist (Matter of Heaney, 75 Misc 2d 732, affd 44 AD2d 828; Matter of King, 16 AD2d 614), in the instant case there remain factual questions as to whether the ceremony substantially complied with the mandates of the statutory provisions of the Estates, Powers and Trusts Law. We therefore find that the Surrogate erred in granting summary judgment prior to a full SCPA 1408 proceeding. Further, we find that the Surrogate erred in narrowly construing proponent’s right to offer evidence on behalf of due execution. Evidence excludable under the dead man’s statute (CPLR 4519) may be considered to defeat a motion for summary judgment (Phillips v Kantor & Co., 31 NY2d 307). A full 1408 hearing on the merits was cut short by the contestant’s motion for summary judgment. Thus reliance upon *1052 Matter of Sheehan (51 AD2d 645) is misplaced. The Surrogate should have permitted the proponent to offer proof of due execution to help to determine whether a triable issue of fact existed. (Appeal from decree of Steuben County Surrogate’s Court—probate.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.